UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-MJ-306 |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| TINA HOWE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offense charged:

Possession of MDMA With Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Date of Detention Hearing: June 28, 2007.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. This places a limited burden of production on the defendant. Application of the presumption in favor of detention is appropriate in this case.

(2) Defendant is a citizen and resident of Canada.

(3) Defendant has no ties to the Western District of Washington.

01       (4)    Although weight of the evidence is the least important of the four factors set

02 forth in 18 U.S.C. §3142(g), when defendant was arrested, she was the passenger that was

03 used to transport MDMA, commonly known as ecstacy.  A total of about 195,000 ecstacy

04 pills were recovered from bags that fell out of the truck she was riding in or were

05 subsequently recovered from her trip from Canada into the United States.

06       (5)    After the bags containing the MDMA and the roof of the van fell off the

07 vehicle, the defendant attempted to persuade her co-defendant to "dump the van" and to call

08 a taxi to try to escape from the area.  She also arranged for someone to pick them up in

09 Bellingham.

10       (6)    Defendant has no incentive to return to the United States to face charges, if

11 released.

12       (7)    There are no conditions or combination of conditions other than detention that

13 will reasonably assure the appearance of defendant as required.

14       IT IS THEREFORE ORDERED:

15       (1)    Defendant shall be detained pending trial and committed to the custody of the

16             Attorney General for confinement in a correction facility separate, to the

17             extent practicable, from persons awaiting or serving sentences or being held in

18             custody pending appeal;

19       (2)    Defendant shall be afforded reasonable opportunity for private consultation

20             with counsel;

21       (3)    On order of a court of the United States or on request of an attorney for the

22             government, the person in charge of the corrections facility in which

23             defendant is confined shall deliver the defendant to a United States Marshal

24             for the purpose of an appearance in connection with a court proceeding; and

25

26

DETENTION ORDER                                        15.13
18 U.S.C. § 3142(i)                                    Rev. 1/91
PAGE 2

01     (4)    The Clerk shall direct copies of this Order to counsel for the United States, to
02     counsel for the defendant, to the United States Marshal, and to the United
03     States Pretrial Services Officer.
04     DATED this 28th day of June, 2007.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER           15.13
18 U.S.C. § 3142(i)           Rev. 1/91
PAGE 3